IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL C. KELLEY                                                                PLAINTIFF

v.                                        4:07CV00945-WRW

JOSEPH DANIEL WATTS                                                       DEFENDANT

## ORDER

Pending is *pro se* Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1).

Because Plaintiff's economic situation qualifies him for *In Forma Pauperis* status, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) is GRANTED.

However, under 28 U.S.C. § 1915(e)(2)(B), a court may dismiss a complaint filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] A complaint fails to state a claim upon which relief can be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2] A complaint may be dismissed before service of process and without leave to amend.[3] Although *pro se* complaints are to be liberally construed, "they still must allege sufficient facts to support the claims advanced."[4]

---

[1] See *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982).

[2] *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982).

[3] *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998).

[4] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff states in his Complaint that Defendant visited Plaintiff's house twice on Sunday, March 25, 2007.[5] On the first visit to Plaintiff's house, Defendant "allegedly as an act of friendship" delivered to Plaintiff a pile of old lumber that Defendant offered Plaintiff for the building of a fence.[6] During the second visit to Plaintiff's house, Defendant, who Plaintiff asserts is a paid informant for the Van Buren County Sheriff's Department, purportedly "badgered and induced" Plaintiff into buying one ounce of Mexican marijuana.[7] Plaintiff wrote Defendant a check for the purchase price of the marijuana.[8] The following day, allegedly because of Defendant's "clandestine and nefarious interaction with members of the Van Buren Sheriff's Department and others," Van Buren County Sheriffs Deputies, a narcotics officer, Van Buren County Chief Investigator Murray, and an Arkansas State Police Trooper arrived at Plaintiff's house with an arrest warrant and, after finding the marijuana Defendant sold Plaintiff, arrested Plaintiff.[9] Plaintiff was taken to jail and later released on bond.[10] Plaintiff invokes jurisdiction under 42 U.S.C. §§ 1982, 1983, and alleges Defendant, acting under color of law, caused Plaintiff to be illegally arrested.[11] Plaintiff's Complaint includes the following causes of action:

---

[5] Doc. No. 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Doc. No. 2.

(1) a violation of 18 U.S.C. § 242; (2) a violation of 18 U.S.C. § 1961; (3) a violation of the Controlled Substances Act; and (4) a violation of 18 U.S.C. § 1343.[12]

### I. 42 U.S.C. § 1982

"All citizens of the United States shall have the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property."[13] Considering the facts in the record and the wording of this statute, this section of the United States Code is not applicable to this case and relief can not be granted under this statute.

### II. 42 U.S.C. § 1983

*Pro se* complaints should be construed liberally.[14] However, the court "is not required to assume facts not alleged or to construct legal theory that assumes facts not pleaded."[15] To establish a right to relief under 42 U.S.C. § 1983 for an illegal arrest by one acting under color of law, a plaintiff must prove that (1) he was deprived of a right "secured by the Constitution and laws" of the United States, and (2) the defendant deprived him of his rights while acting under color of law.[16]

Plaintiff alleges that he was arrested illegally. In his Complaint, Plaintiff states that he was arrested by law enforcement officials pursuant to an arrest warrant. There is nothing in the

---

[12]*Id.*

[13]42 U.S.C. § 1982.

[14]See *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[15]*Cody v. CBM Corr. Food Servs.*, No. 06-1474, 2007 U.S. App. Lexis 19502 (8th Cir. Aug. 15, 2007) (citing *Stone v. Harry*, 364 F.3d 912, 914-915 (8th Cir. 2004)).

[16]42 U.S.C. § 1983. See also *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931 (1982) (discussing the deprivation of constitutionally-protected rights and color of law).

record alleging that the warrant was invalid, questioning probable cause, or challenging the warrant otherwise. There are no facts provided supporting a conclusion of an unauthorized search or seizure. Plaintiff asserts that he was illegally arrested because Defendant, a police informant, "maliciously and oppressively" acted in selling Plaintiff the marijuana.[17] It appears to me that Plaintiff is trying to claim that he was entrapped by Defendant's and other officials' actions.

To succeed in claim of entrapment, "the evidence must clearly show the government agent developed the criminal plan and that the defendant was not predisposed to commit the crime independent of the government's activities."[18]

There is insufficient evidence in the record to "clearly show" that a government agent developed a criminal plan and that Defendant was not predisposed to purchasing the marijuana. As set out in the Complaint, Plaintiff, not having cash, wrote Defendant a check for the marijuana. Indeed, one could surmise that a person willing to write a check for the purchase of marijuana was "predisposed" to committing the crime.

Despite generously construing Plaintiff's Complaint, there are not enough facts in the record to support a claim that Plaintiff was arrested in violation of his constitutional rights, or even that he was entrapped; Plaintiff has not stated a claim upon which relief can be granted.

---

[17]Doc. No. 2. Plaintiff's Complaint includes allegations relating to an apparently soured romantic relationship between Plaintiff's landlord and Defendant, but Plaintiff did not include in his Complaint any facts showing malice or ill-will on the part of the Defendant towards Plaintiff. Neither did Plaintiff include in his Complaint facts to support a conclusion that he was not predisposed to purchasing or possessing marijuana.

[18]*United States v. Brooks*, 215 F.3d 842, 845 (8th Cir. 2000).

### III. The First Cause of Action: Violation of 18 U.S.C. § 242

A person who, acting under color of any law, subjects another to the deprivation of rights protected by the Constitution will be imprisoned or fined, or both.[19] This section of the United States Code is the criminal equivalent of 42 U.S.C. § 1983.[20] The Eighth Circuit does not recognize a private cause of action in connection with this criminal provision.[21] Plaintiff failed to state a claim upon which relief can be granted in connection with this cause of action.

### IV. The Second Cause of Action: Violation of 18 U.S.C. § 1961

Section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it "unlawful for any person employed by or associated with any enterprise engaged in . . . interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."[22] 18 U.S.C. § 1964(c) allows a private party who has been injured in his business or property from a RICO violation to sue for damages. Injury to "business or property" need not be a "commercial or competitive injury."[23] However, in RICO claims, the following are not considered injuries to business or property:

---

[19] 18 U.S.C. § 242.

[20] See *Powell v. Kopman*, 511 F. Supp. 700 (S.D.N.Y. 1985).

[21] See *Lundt v. Hodges*, 627 F. Supp. 373 (N.D. Iowa 1985); *United States v. Wadena*, 152 F.3d 831 (8th Cir. 1998) (citing *Cok v. Cosentino*, 876 F.1 (1st Cir. 1989)(only a United States prosecutor can bring a complaint under 18 U.S.C. § 242)).

[22] 18 U.S.C. 1962(c).

[23] See *Bennett v. Berg*, 685 F.2d 1053, 1059 (8th Cir. 1981).

emotional damages;[24] damage to reputation;[25] inability to pursue meaningful employment;[26] and attorneys fees incurred in defending against a false arrest.[27]

Plaintiff has not suffered an injury to "business or property" as intended by RICO. Plaintiff's injuries in connection with his alleged illegal arrest are $12,500 borrowed at high interest on credit cards to post bond and retain an attorney, lost wages, lost privacy, increased mental stress, emotional pain, compounding financial obligations, and damage to Plaintiff's good name. None of Plaintiff's injuries are of the type RICO protects against. Because Plaintiff has not suffered an injury to "business or property," he lacks standing to bring suit under 18 U.S.C. § 1964(c).

### V. The Third Cause of Action: Drug Dealing; Violation of the Controlled Substances Act

Plaintiff's Complaint does not specify which section of the Controlled Substances Act,[28] a vast piece of legislation, he alleges that Defendant violated. Plaintiff's Complaint also fails to specify if there this any private right of action in connection with this cause of action. While Defendant may well have violated the Controlled Substances Act, Plaintiff still failed to state a cause of action upon which relief could be granted.

### VI. Fourth Cause of Action: Violation of 18 U.S.C. § 1343

---

[24] See *Geraci v. Women's Alliance, Inc.*, 436 F. Supp. 2d 1022 (D. N.D. 2006).

[25] See *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006).

[26] See *Grogan v. Platt*, 835 F.2d 844, 846-47 (11th Cir. 1988).

[27] See *Evans v. City of Chicago*, 434 F.3d 916, 931-32 (7th Cir. 2006).

[28] 21 U.S.C. §§ 801-971.

A person who transmits a writing, sign, picture, symbol, or sound by wire, radio, or television while trying to carry out a scheme to defraud can be punished by imprisonment, a fine, or both.[29] A criminal statute may provide an implied private right of action if Congress so intended.[30] Congress did not intend a private right of action under 18 U.S.C. § 1343, and the Eighth Circuit does not recognize a private right of action under that statute.[31]  Because there is no private right of action under 18 U.S.C. § 1343, Plaintiff can not sue Defendant under this statute.

Plaintiff's Complaint is DISMISSED under § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.

The Clerk of the Court is not to issue process or cause process to issue on this complaint.

IT IS SO ORDERED this 31st day of October, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[29] 18 U.S.C. § 1343 reads:
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $ 1,000,000 or imprisoned not more than 30 years, or both.

[30] See *Thompson v. Thompson*, 484 U.S. 174 (1988).

[31] See *Wisdom v. First Midwest Bank*, 167 F.3d 402 (8th Cir. 1999). See also *Napper v. Anderson, Henley, Shields, Bradford & Prtichard*, 500 F.2d 634 (5th Cir. 1974) (holding no private remedy under wire fraud statute).